Nyonyo v. Holder

BIA
Balasquide, IJ
A079 716 474

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of January, two thousand fourteen.

PRESENT:
> JOHN M. WALKER, JR.,
> ROSEMARY S. POOLER,
> RAYMOND J. LOHIER, JR.,
>    *Circuit Judges.*

_____

SOLOMON NYONYO,
>    *Petitioner,*

> v.                                          11-2211
>                                             NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>    *Respondent.*

_____

FOR PETITIONER:        Solomon Nyonyo, *pro se,* Queens, NY.

FOR RESPONDENT:        Tony West, Assistant Attorney General; Ernesto H. Molina, Jr., Assistant Director; Sheri R. Glaser, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Solomon Nyonyo, a native and citizen of Kenya, seeks review of an April 27, 2011, order of the BIA, affirming a February 26, 2009, decision of Immigration Judge ("IJ") Javier Balasquide, which pretermitted his application for asylum and denied his applications for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Solomon Nyonyo*, No. A079 716 474 (B.I.A. Apr. 27, 2011), *aff'g* No. A079 716 474 (Immig. Ct. N.Y. City Feb. 26, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA. *See Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

In finding Nyonyo not credible, the agency reasonably relied on the omission of his prior arrests from his application to adjust status and inconsistencies in the

2

record concerning his knowledge of his ex-wife's whereabouts and his hiding in Kenya. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 166 n.3 (2d Cir. 2008) (providing that, for purposes of analyzing a credibility determination, "[a]n inconsistency and an omission are . . . functionally equivalent"). Although Nyonyo argues, in reliance on pre-REAL ID Act case law, that the "mere omission of details" and minor inconsistencies are "insufficient to uphold an adverse credibility finding," for applications like Nyonyo's, governed by the REAL ID Act, the agency may base an adverse credibility determination on inconsistencies and omissions in the record without regard to whether they go "to the heart of the applicant's claim." *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Xiu Xia Lin*, 534 F.3d at 167; *Matter of J-Y-C-*, 24 I. & N. Dec. 260, 265 (B.I.A. 2007). Moreover, while Nyonyo argues that corroborative evidence was not reasonably available because he "has no power to force individuals to provide him affidavits," the agency based its adverse credibility determination on inconsistencies and omissions in the record and not on Nyonyo's failure to provide reasonably available corroborating evidence.

Nyonyo does not challenge the agency's pretermission of his asylum application as untimely.

In light of the agency's adverse credibility determination, it did not err in denying Nyonyo's applications for relief.

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4